

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TENET HOSPITALS LIMITED, a TEXAS LIMITED PARTNERSHIP D/B/A THE HOSPITALS OF PROVIDENCE MEMORIAL CAMPUS, | § | No. 08-23-00263-CV |
| | § | Appeal from |
| | § | County Court at Law No. 3 |
| Appellant, | | |
| | § | of El Paso County, Texas |
| v. | | |
| | § | (TC# 2023DCV2379) |
| ASHLEE M. BALDERRAMA and ALEJANDRO J. MARTINEZ, | | |
| Appellees. | | |

**<u>DISSENTING OPINION</u>**

Based on the gravamen of the claims and the limited record before us, I would conclude that the Parents' claims are not health care liability claims under the Texas Medical Liability Act.

As the majority opinion notes, the Texas Supreme Court expressly left open the question of whether performing an autopsy or failing to obtain informed consent to perform an autopsy, without more, is health care under the TMLA. *See CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 536 (Tex. 2016). In my view, the Parents' narrowly tailored claims fall squarely within this open question. Like the two cases from our sister courts discussed by the *Carswell* Court, this case involves no link to pre-mortem health care of any patient but is instead "based entirely on postmortem actions of the defendants that were directed to a dead body." *Id.* at 537 (discussing

*Hare* and *Salazar*). But unlike this case, *Carswell* involved substantial allegations regarding deficient health care, including circumstances surrounding the deceased's cause of death and the manner in which the autopsy was performed (and to what end). *Id*. at 531–32. There, "the professional or administrative services underlying the Carswells' complaint were directly related to the improper health care they alleged Jerry Carswell received, or health care they alleged he should have received but did not." *Id*. at 537. While *Carswell* illustrates a case in which an autopsy is a professional or administrative service directly related to health care, the majority opinion in this case seems to hinge the "direct relation to" health care solely on the fact that Aiden was a patient at the hospital where he passed.

Classifying an autopsy-based claim as a health care liability claim solely based on whether the deceased was a hospital patient disregards our duty to "examine the underlying nature and gravamen of the claim, rather than the way it is pleaded." *Id.* at 534. Just as a plaintiff cannot artfully plead her way out of the TMLA's orbit, neither can a defendant reshape a plaintiff's case to fit within it.

The gravamen of the claims against this party in this case regard the Parents' right to consent and Providence's failure to adhere to the scope of that consent and the resulting handling of Aiden's remains. I see nothing more in the nascent record before us. Because neither the TMLA's language nor the precedent interpreting it dictate that the Parents' claims are health care liability claims, I would have affirmed the trial court's order concluding that they are not.


LISA J. SOTO, Justice

August 16, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

2